

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-22-00044-CV

---

IN THE INTEREST OF G.R., A.R., M.R., R.R., R.R., AND R.R., CHILDREN

---

On Appeal from the County Court at Law
Panola County, Texas
Trial Court No. 2020-291

---

Before Morriss, C.J., Stevens and van Cleef, JJ.
Memorandum Opinion by Justice van Cleef

MEMORANDUM OPINION

This is an appeal from a judgment terminating Father's and Mother's parental rights to their six children, G.R., A.R., M.R., R.R., R.R., and R.R.,[1] on grounds that Father and Mother knowingly placed or knowingly allowed the children to remain in conditions or surroundings that endangered their physical or emotional well-being, engaged in conduct or knowingly placed the children with persons who engaged in conduct that endangered the physical or emotional well-being of the children, and failed to follow court orders setting forth the actions required for them to obtain the children's return. *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(D), (E), (O). The trial court further found that termination was in the children's best interests. *See* TEX. FAM. CODE ANN. § 161.001(b)(2). Father's and Mother's court-appointed appellate attorneys have filed motions to withdraw and briefs discussing the applicable law and evaluating the entire record in this case. Counsel for both parents conclude that no non-frivolous grounds can be advanced to support reversal of the trial court's judgment. Because we agree, we affirm the trial court's judgment.

Father's and Mother's attorneys have filed separate briefs, both of which state that they have reviewed the record and have found no genuinely arguable issues that could be raised on appeal. The briefs set out the procedural history of the case and summarize the evidence elicited during the trial court proceedings. Meeting the requirements of *Anders v. California*, counsel have each provided a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re*

---

[1]We use initials to protect the identity of the children and refer to their parents as Father and Mother. *See* TEX. R. APP. P. 9.8.

*Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *see In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016) (per curiam) (recognizing that *Anders* procedures apply in parental-rights termination cases).

On September 14, 2022, Father's counsel mailed Father copies of the brief and the motion to withdraw, as well as a motion for pro se access to the appellate record lacking only Father's signature. Father was informed of his rights to review the record and file a pro se response. Also, on September 14, 2022, Mother's counsel mailed Mother copies of the brief and the motion to withdraw, as well as a motion for pro se access to the appellate record lacking only Mother's signature. By letter dated September 21, 2022, this Court informed Father and Mother that their respective pro se motions for access to the appellate record were due on or before September 28, 2022. On October 11, 2022, this Court further informed Father and Mother that the case would be set for submission on the briefs on November 1, 2022, and that any pro se brief filed before then would be considered. We received neither a pro se response nor a motion requesting an extension of time in which to file such a response from either Father or Mother.

We have determined that this appeal is wholly frivolous. We have independently reviewed the entire appellate record and, like counsel, have determined that no arguable issue supports an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). Therefore, we affirm the trial court's judgment.

Even so, we deny the respective motions to withdraw. *See In re P.M.*, 520 S.W.3d at 27 (noting that, in parental-rights termination cases, court-appointed counsel's duty to his client generally extends "through the exhaustion of appeals" "including the filing of a petition for

3

review" in the Texas Supreme Court).  If either Father or Mother desires to pursue this matter in the Texas Supreme Court, counsel may fulfill his or her duty "by filing a petition for review that satisfies the standards for an *Anders* brief."  *See id.* at 28.

We affirm the judgment of the trial court.


Charles van Cleef
Justice

Date Submitted:     November 1, 2022
Date Decided:       November 2, 2022